

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00198-CR
_____

PAUL LUIS PELAEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 462nd District Court
Denton County, Texas
Trial Court No. F22-3773-462

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

A Denton County jury found Appellant Paul Luis Pelaez guilty of three counts of possession of child pornography and sentenced him to eight years' incarceration.[1,2]  *See* TEX. PENAL CODE ANN. § 43.26.  Pelaez appeals his conviction, arguing that the State failed to prove his possession was intentional and knowing, the trial court erred by admitting extraneous-offense evidence, and the trial court erred in admitting a "Spanish recording of Appellant's interrogation without a contemporaneous translation by a certified licensed court interpreter."

We addressed Pelaez's arguments in detail in his companion cause number 06-24-00194-CR.  For the same reasons stated there, we find, here, that the State met its burden to prove beyond a reasonable doubt that Pelaez intentionally or knowingly possessed child pornography, and we hold that the trial court did not err in admitting the complained-of evidence.  As a result, we affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     May 29, 2025
Date Decided:       July 17, 2025

Do Not Publish

---

[1]In companion cause number 06-24-00194-CR, Pelaez challenges his convictions of three counts of child pornography.  In companion cause number 06-24-00199-CR, Pelaez challenges his convictions of four counts of child pornography.  *See* TEX. PENAL CODE ANN. § 43.26 (Supp.).

[2]This appeal was transferred to this Court from the Second Court of Appeals pursuant to a Texas Supreme Court docket equalization order.  *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.).  Accordingly, we apply the precedent of the Second Court of Appeals in deciding this case to the extent that it conflicts with our own.  *See* TEX. R. APP. P. 41.3.